Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95661
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Rodric Johnson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Rodric Johnson,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Nationwide Credit, Inc.; American Express Company<br><br>　　　　　　　Defendants. | CASE NO. 2:21-cv-0<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act<br>3. Violation of the Fair Debt Collection Practices Act |

COMES NOW Plaintiff Rodric Johnson, an individual, based on information and belief, to allege as follows:

**<u>INTRODUCTION</u>**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to

consumers, and violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits abusive collection practices.

2. Plaintiff brings this action against Defendant Nationwide Credit, Inc. (hereinafter "Defendant" or "NCI") and American Express Company (hereinafter "American Express") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

6. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors.  The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.

7. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt.  Congress found

"abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

8. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

9. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

11. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

12. Plaintiff Rodric Johnson (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

13. At all relevant times herein, NCI and American Express are companies engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

14. At all relevant times, Defendants acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

16. Plaintiff believes that NCI was collecting on an account that was originally owned by American Express.

17. The loan Plaintiff took from American Express was extended primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

18. Defendants have been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

19. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

20. Plaintiff is informed and believes that Defendants are one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

21. Plaintiff applied for an unsecured credit card with American Express in 2017.

22. After being approved for the unsecured credit card from American Express, Plaintiff began making charges on the card.

23. Plaintiff subsequently began making payments on the account for several years before he ultimately became financially unable to keep up with the monthly payments.

24. Plaintiff sought legal representation to address his financial issues.

25. A letter of representation and revocation of consent to be contacted on his cellular telephone was sent to American Express through certified mail on November 17, 2020 and was received by American Express on November 23, 2020.

26. A letter of representation was also sent to NCI on November 17, 2020 and received by NCI on November 23, 2020.

27. Plaintiff's letter informed American Express that Plaintiff was represented by counsel and provided the name and telephone number of Plaintiff's attorney. The letter of representation was written on the firm's letter head.

28. The contents of the November 17, 2019 letter also informed American Express that Plaintiff was revoking any consent that may have been previously given to be contacted on his cellular telephone by an automatic telephone dialing system.  The November 17, 2019 letter included Plaintiff's cellular telephone number.

29.  Defendant American Express enlisted the services of NCI to assist in collecting on the debt that Plaintiff owed to American Express.

30.  American Express, at the time it engaged the services of NCI, was aware that Plaintiff was represented by an attorney and had revoked any consent to be contacted on his cellular telephone.

31.  Plaintiff believes that NCI is the collection agency for an account that he previously held with American Express.

32.  Plaintiff believes that American Express transferred its debt to NCI in order to continue its collection efforts without having to deal with Plaintiff's counsel.

33.  Plaintiff believes that American Express' agreement with NCI provides for American Express to receive some portion of any recovery from Plaintiff.

34.  Plaintiff believes that American Express informed NCI that Plaintiff was represented by counsel and revoked his consent to be contacted on his cellular telephone.

35.  Calls and collection efforts by NCI continued even after receiving Plaintiff's letter of representation and revocation of consent.

36.  Defendants continued to contact Plaintiff after receiving written notice that Plaintiff was represented by counsel.

37.  Defendant would call Plaintiff and demand payment on the delinquent account.

38.  Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

39.  Plaintiff believes an ATDS was used because when he would answer some of the calls placed by NCI there would be a pause before a live person came onto the line.

40.  Defendants would use a pre-recorded voice when calling Defendant.

41.  Defendants would leave pre-recorded messages for Plaintiff.

42.  Defendants autodialing machine contains the capacity to randomly dial numbers.

43. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

44. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that he revoked his consent to be contacted on his cellular telephone.

45. Plaintiff is unaware of the total number of calls that have been received from Defendants but believes the total number to be in excess of fifteen (15) calls.

46. Defendant NCI also sent Plaintiff written collection notices after it was aware that Plaintiff was represented by counsel.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against NCI and American Express)

47. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

48. Plaintiff provided written notice that he was represented by sending Defendants a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

49. Defendants continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

50. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

51. Plaintiff received daily calls from Defendants after the November 20, 2020 notices were received.

52. Defendants violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**Cal. Civ. Code § 3294**

53. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

54. Defendants had actual knowledge that it continued to violate both state and federal collection laws as it received certified notice regarding representation of Plaintiff by an attorney.

55. These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

56. Given Defendants' knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under the Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

57. Given Defendants' knowledge of Plaintiff's representation and revocation of consent, Defendants' illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least fifteen (15) telephone calls.

58. Written payment demands were also sent directly to Plaintiff.

59. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendants.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against NCI and American Express

60. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

61. Defendant placed over fifteen (15) calls to Plaintiff.

62. Plaintiff was contacted multiple times per day by Defendant.

63. Defendants violated Cal. Civ. Code §1788.11(b), (d), and (e) by calling Plaintiff at least fifteen (15) times in a deliberate attempt to call and annoy Plaintiff.

### THIRD CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against NCI and American Express)

64. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

65. Since at least about November of 2020 Defendants have been calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

66. Defendants were aware that Plaintiff revoked consent to be contacted by an ATDS in November of 2020.

67. Defendants frequently called Plaintiff since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

68. Defendant would contact Plaintiff daily regarding payment on the account.

69. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

70. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

71. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

72. Plaintiff expressly revoked any consent that may have previously been given to Defendants to be contacted by an automatic dialing machine in November of 2020.

73. Plaintiff believes that over fifteen (15) calls were placed by Defendants using an ATDS.

74. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

### FOURTH CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against NCI)

75. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

76. Defendant was informed on November 20, 2020 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

77. Defendant continued to contact Plaintiff for after being informed that he had retained an attorney.

78. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

79. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

80. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32;
   b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32;
   c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c);
   d. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;
   e. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
   f. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    **g.** An award of exemplary damages pursuant to Cal. Civ. Code § 3294; and

    **h.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k).

                                          Gale, Angelo, Johnson, & Pruett, P.C.

Dated: September 1, 2021                 */s/ Joe Angelo*
                                                      Joe Angelo
                                                      Elliot Gale
                                                      Attorneys for Plaintiff